ANTONIO RAMÍREZ MUÑOZ, recurrente, *v.* EL REGISTRADOR DE GUAYAMA, recurrido.

No. 622.—*Sometido:* Noviembre 2, 1925. *Resuelto:* Noviembre 13, 1925.

HIPOTECA—INSCRIPCIÓN Y REGISTRO—LIBERACIÓN PARCIAL DEL GRAVAMEN—CONSENTIMIENTO DEL DEUDOR.—Vendída ''sin reserva ni limitación alguna'' una parcela segregada de una finca mayor hipotecada, el acreedor hipotecario puede por sí solo liberar dicha parcela de la hipoteca. No es necesario que el deudor comparezca y consienta en la liberación.

NOTA de *Pérez Mercado,* R. (Guayama), negando inscripción de escritura sobre liberación de gravamen. *Revocada.*

El *recurrente* no compareció. El *registrador* compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 21 de agosto de 1918 los esposos Ortiz-Guarch vendieron a Antonio Ramírez dos cuerdas y setenta y cinco centésimas de terreno que segregaron de una finca mayor. En la escritura se expresó que la finca mayor estaba gravada con una hipoteca de seis mil dólares constituída a favor de

doña Carmen Joglar.   El precio de la venta fué quinientos cincuenta dólares que el vendedor confesó haber recibido. La venta se hizo ''sin reserva ni limitación alguna.''

El 29 de julio de 1925, doña Carmen Joglar otorgó una escritura en la cual hizo constar que ''Libera y deja, en consecuencia, exenta de los efectos legales de la hipoteca que grava la finca principal, a la parcela de dos cuerdas y setenta y cinco centésimas, queriendo y consintiendo que la susodicha hipoteca continúe vigente, en su totalidad, respecto de la finca principal.''   En la dicha escritura compareció el comprador Ramírez pero no los vendedores Ortiz-Guarch y en ella se hizo constar, además lo que sigue: que la compra de las dos cuerdas y setenta y cinco centésimas se verificó ''pagando su precio de contado el comprador, sin obligación, por su parte, de pagar suma alguna de dinero a la acreedora hipotecaria, por continuar a cargo del vendedor la obligación de satisfacer, en su totalidad, el montante de dicha hipoteca y de sus intereses.''

Presentadas ambas escrituras en el registro, el registrador se negó a inscribir la liberación del gravamen por no haber concurrido y consentido el dueño de la finca principal.

Para sostener su negativa invoca el registrador el artículo 123 de la Ley Hipotecaria que dice:

''Si una finca hipotecada se dividiere en dos o más, no se distribuirá entre ellas el crédito hipotecario sino cuando voluntariamente lo acordaren el acreedor y el deudor.   No verificándose esta distribución, podrá repetir el acreedor por la totalidad de la suma garantida contra cualquiera de las nuevas fincas en que se haya dividido la primera o contra todas a la vez.''

Y luego razona, en parte, del siguiente modo:

''No hay duda sobre que la facultad de cancelar radica únicamente en el acreedor.   Tampoco ofrece duda a nuestra mente, la facultad del acreedor en un caso como el que nos ocupa, de dejar libre cualquier fracción de la finca fraccionada.   Lo que a nuestro juicio no puede hacer el acreedor es acumular la totalidad del crédito a una o varias porciones dejando libres las demás, sin prestar

su consentimiento los dueños de las parcelas, que conserven el gravamen. La obligación solidaria que establece la ley a su favor no le faculta para extinguir y anular, sin su consentimiento, las acciones especiales de los deudores entre sí, provenientes de tal solidaridad.''

No estamos conformes. Hubiera sido más claro y preciso que en la primera escritura se hubiera hecho constar lo que aparece en la segunda, y ya que no se hizo así, que el vendedor y deudor hipotecario hubiera concurrido al otorgamiento de la segunda y expresado su consentimiento, pero no era indispensable. Al consignarse en la primera escritura que la venta se hizo sin reserva ni limitación alguna, por precio de contado, se expresó todo lo que era necesario. El vendedor no podía liberar de la hipoteca por sí mismo la porción vendida. Tal poder residía enteramente en el acreedor.

La hipoteca sujeta directa e inmediatamente los bienes sobre que se impone, cualquiera que sea su poseedor, al cumplimiento de la obligación para cuya seguridad fué constituída. Supone una obligación principal que en este caso fué contraída enteramente por los esposos Ortiz-Guarch. El deudor gravó su finca en garantía de su deuda. La garantía beneficiaba únicamente al acreedor. Renunciando ese beneficio, el acreedor podía a su arbitrio consentir en liberar no ya una parte sino la totalidad de la finca y eso no obstante, si la deuda no había sido pagada, subsistiría como una obligación personal del deudor.

Al cancelar el acreedor hipotecario lo que hizo fué disminuir la garantía que se le había dado para el caso de que el deudor no cumpliera su compromiso de pagar a tiempo. La obligación del deudor permaneció enteramente igual. Para nada era necesario, pues, su consentimiento. En nada podía perjudicarle la liberación.

*Debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.